**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE**

**CIVIL ACTION NO. 04-443-DLB**

**BRENDA NEWSOM**                                                                  **PLAINTIFF**

vs.                      **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION**                              **DEFENDANT**

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Brenda Newsom filed an application for Disability Insurance Benefits (DIB) on January 29, 2002. (Tr. 15, 101-05) Plaintiff, who was 49 years old at the time of the hearing, has a eighth grade "limited education." (Tr. 20, 35) She alleges a disability onset date of July 25, 1998, due to back and shoulder pain, with radiation into upper and lower extremities; circulation problems, digestive problems, kidney problems, nerve problems with depression and anxiety; poor memory; muscle spasms; chronic pain and fatigue; insomnia; and chronic headaches. (Tr. 15, 101, 105) Her application was denied initially (tr. 74-77) and upon reconsideration (tr. 81-83). Plaintiff then requested a hearing before an administrative law judge which was held on January 31, 2003, in Prestonburg, Kentucky.

(Tr. 30-56, 84) On June 12, 2003, the ALJ ruled that Plaintiff was not under a disability and so was not eligible for DIB payments. (Tr. 15-23) This decision was approved by the Appeals Council on November 23, 2004. (Tr. 5-8)

The instant appeal was filed on December 13, 2004. It has now culminated in cross motions for summary judgment.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, or combination thereof, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last

step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 16). At Steps 2 and 3, the ALJ found that Plaintiff has a severe impairment of degenerative arthritis of the spine. (Tr. 17) The ALJ concluded, however, that Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment found in Appendix 1 to Subpart P of Regulation No. 4. (*Id.*)

At Step 4, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a significant range of work at the light exertion level, with only occasional climbing, stooping, kneeling, crouching, and crawling; and no pushing or pulling more than 20 to 25 pounds. (Tr. 18) Specifically, that Plaintiff can lift 20 pounds frequently and 25 pounds occasionally, stand/walk for up to 5 hours per workday for up to 2 hours at a time without interruption, and sit for up to 5 hours per workday, up to 2 hours at a time. (*Id.*) Nonexertionally, Plaintiff should avoid exposure to moving machinery, vibration and overhead reaching. (*Id.*) Plaintiff's past work as a manager for a drilling company required sedentary exertional activities and the ALJ stated the activities would not be precluded by her RFC, but the ALJ, giving the Plaintiff the "benefit of the doubt," found Plaintiff was unable to perform her past relevant work because of her impairments. (Tr. 20)

The ALJ therefore proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there are jobs existing in significant numbers in the national economy

that Plaintiff could perform, including office clerk and assembly worker; and sedentary positions as a receptionist and cashier. (Tr. 21) This conclusion resulted from testimony by a vocational expert ("VE"), in response to hypothetical questions involving a person of Plaintiff's age, education, past relevant work experience, and RFC. (Tr. 52)

**C.     Analysis**

Plaintiff raises one challenge in her appeal. She argues the decision was not supported by substantial evidence because the ALJ did not comply with 20 C.F.R. § 404.1512(e)(1). That subsection provides, in pertinent part:

> *Recontacting medical sources.* When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or decision. To obtain information, we will take the following actions.
>> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

20 C.F.R. § 404.1512(e)(1).

Plaintiff contends the ALJ erred by failing to recontact Dr. Baretta Casey, her treating family physician, to obtain additional information and clarification of the doctor's opinions. (Tr. 213-15, Medical Assessment of Ability to do Work-Related Activities (Mental); Tr. 217-19, Medical Assessment of Ability to do Work-Related Activities (Physical)) The ALJ reviewed and discussed Dr. Casey's treatment and opinions as follows:

> It was Dr. Casey's opinion that the claimant was limited in her ability to sit and stand more than four hours each in an eight hour day, that she had a

4

> limited ability to reach, push, pull, that she could not climb stoop, crouch, keel or crawl, and that she should avoid vibration and moving machinery, she advised that her opinion was based on the claimant's decreased upper and lower extremity strength and reduced range of motion in her back (Exhibit B8F). However, ... her opinion was not supported by her own medical records that reflect generally negative findings (Exhibit B9F), other evidence submitted for the record ..., or with the claimant's own admitted daily activities. It was Dr. Nutter's opinion that the claimant's ability to bend, walk, sit, carry heavy objects, climb, crawl and squat would be mild to moderately impaired by her back, neck and joint pain (Exhibit B3F).
>
> The medical records reflect that the claimant sometimes felt hopeless, helpless, useless, and angry, and that she complained of decreased energy and difficulty sleeping (Exhibits B2F, B15F). It was Dr. Casey's opinion that the claimant suffered from mental disorders that meet the clinical criteria in the DSM-VI for anxiety and depression (Exhibit B8F). However, her opinion was not supported by her own medical records, with other records in the file, or the claimant's daily activities .... Dr. Casey's records reflect that her depression/anxiety was controlled with prescription medications and they are devoid of references to limitations imposed on her by mental disorders (Exhibit B9F).

(Tr. 19-20) Thus, the ALJ did not give weight to Dr. Casey's opinions because they were not supported by the doctor's treatment as documented. Plaintiff contends this was improper because if Dr. Casey's medical opinions conflicted with the doctor's objective findings in the medical records, the ALJ should have recontacted Dr. Casey to obtain additional information and clarification prior to making a determination as to Plaintiff's disability.

The regulation provides that clarification can be sought in various ways, including "... requesting copies of your medical source's records[.]" 20 C.F.R. § 404.1512(e)(1). But Dr. Casey's office records had already been provided and were reviewed by the ALJ. And Dr. Casey's assessment reports do not in and of themselves contain a conflict or ambiguity – they are simply inconsistent with the doctor's own treatment notes and findings.

5

An ALJ may resolve a conflict between a physician's treatment notes and medical report when the report is not based upon objective medical evidence by discounting the report and relying on the physician's actual treatment notes. *Littlepage v. Chater*, 134 F.3d 371, 1998 WL 24999, *3 (6th Cir.)(unpublished table decision).  Moreover, and as argued by the Commissioner, while an ALJ must recontact the appropriate medical source to resolve a conflict, the ALJ must do so only when the record is insufficient to allow the ALJ to make a determination regarding the claimant's disability.  *See* C.F.R. § 404.1512(e).  If an ALJ can resolve the conflict by relying on information within the record, the ALJ need not recontact the treating physician.  *Id*.

In the instant case the record was sufficiently developed to allow the ALJ to make a determination as to whether Plaintiff had impairments that rendered her disabled.  The record contained information and opinions from treating physicians, consultative examiners, and diagnostic test results, as well as from state agency physicians.  The ALJ thoroughly discussed the medical evidence of record and simply discounted Dr. Casey's opinions as not being supported by the doctor's own objective findings and treatment records.  The ALJ had no obligation to recontact Dr. Casey for clarification or additional information; therefore, the ALJ's determination was supported by substantial evidence.

Nor are the authorities Plaintiff relies upon helpful to her cause.  Plaintiff asks the court *not* to rely on *Day v. Shalala*, 23 F.3d 1052 (6th Cir. 1994), where the issue centered around the Ohio Bureau of Disability Determination's duty "under 42 U.S.C. § 423(d)(5)(B) to 'make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence' necessary to making disability determinations[,]" because Plaintiff is not relying on the statute and its requirement.  Plaintiff

6

centers her argument around the unpublished Sixth Circuit case of *Persell v. Secretary of Health & Human Services*, 36 F.3d 1097, 1994 WL 520859 (6th Cir.)(unpublished table decision), where the court acknowledged the language of 20 C.F.R. § 404.1512(e) at issue in the instant case.  However, in *Persell* the court did not address how the language should be interpreted or applied because the language was added by an amendment that was made after the ALJ's findings.

Finally, even if the ALJ erred by failing to contact Dr. Casey for a clarification or for additional information, any such claimed error was harmless.  When a claimant does not "identify [or] offer to present any additional evidence from Claimant's treating physicians showing that Claimant was disabled during the relevant period" then the error is harmless. *Melton v. Com'r of Social Security*, 178 F.3d 1295, 1999 WL 232700, *5 (6th Cir.)(unpublished table opinion).   Plaintiff did not offer to present any additional evidence from Dr. Casey identifying any prejudice inflicted by the ALJ's failure to seek a clarification. Therefore, any such claimed error was harmless.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #3) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #6) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

Dated this 22nd day of February, 2006.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-443-NewsomMOO.wpd